UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL ROBERT BONNER,

      Plaintiff,

v.                                Case No. 05-C-1075

DAVID BETH, SGT. JOHNSON,
CAPTAIN PRESTON, CORPORAL WILSTEAD,
CORPORAL REED, CORPORAL MCCALLISTER,
CORPORAL CORRARAL, and SGT. OSCAR SILENCE,

      Defendants.

**ORDER**

      Plaintiff Darnell Robert Bonner, who is currently incarcerated at Green Bay Correctional Institution (GBCI), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The November 15, 2005, amended complaint is the operative complaint in this action. The plaintiff is proceeding *in forma pauperis* on a conditions of confinement claim based on allegations of denial of exercise and constant illumination while in segregation at the Kenosha County Jail. The plaintiff is also proceeding on an Eighth Amendment claim concerning the impact that the conditions in segregation had on his mental illness. The plaintiff has filed a motion to appoint counsel and a motion for direct law library access, which will be addressed herein.

      The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318

(7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied.

In addition, the plaintiff has filed a motion for direct law library access and additional time. The plaintiff seeks a court order that he receive direct law library access at least four times per week for two-hour increments. However, the plaintiff was incarcerated at the Wisconsin Resource Center when he filed his motion and he is currently at GBCI. Therefore, the plaintiff's motion will be denied as moot.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket #24) be and hereby is **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for direct law library access and additional time (Docket #26) be and hereby is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 17th day of April, 2006.

BY THE COURT:


/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge